IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SONYA MCNEIL                                                                        PLAINTIFF

vs.                                      Civil No. 6:10-cv-06080

MICHAEL J. ASTRUE                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sonya McNeil ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background**

On October 19, 2010, Plaintiff filed her Complaint in this matter. ECF No. 1. Thereafter, on January 13, 2011, Defendant filed a Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction. ECF No. 7. With this Motion, Defendant claims Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust her administrative remedies prior to filing this case. *Id.* Defendant claims Plaintiff filed a claim for SSI on October 14, 2008. ECF No. 7-1. Defendant

---

[1] The docket numbers for this case are referenced by the designation "ECF No._____."

claims that application was denied initially and again upon reconsideration. *Id.* Defendant claims that on June 22, 2010, the ALJ denied Plaintiff's request for a hearing, stating it was untimely. *Id.* On July 19, 2010, Defendant claims Plaintiff filed a request for review of the ALJ's dismissal. *Id.* Defendant claims this request was denied on September 28, 2010. *Id.* Defendant claims that because Plaintiff failed to timely request a hearing in this matter and failed to exhaust her administrative remedies, this Court does not have subject matter jurisdiction over this case. *Id.*

In response, Plaintiff acknowledges there has been no administrative hearing in her case. ECF Nos. 9-10. Instead, Plaintiff argues her failure to timely request an administrative hearing was excused because she was unaware the DDS had denied her request for reconsideration. *Id.* Plaintiff requests that this Court remand her case to the ALJ for further administrative development. *Id.*

**2. Discussion**

The subject matter jurisdiction of this Court is based upon 42 U.S.C. § 405(g). Pursuant to this provision, a individual may only appeal a "final decision of the Commissioner of the Social Security" which is "*made after a hearing* to which he [the individual] was a party." (emphasis added). In this case, it is undisputed Plaintiff has not been a party to an administrative hearing.

Thus, the decision by the SSA is not "final," and this Court does not have jurisdiction over this case. *See Sheehan v. Sec'y of Health, Ed. & Welfare,* 593 F.2d 323, 325 (8th Cir. 1979) (noting that the U.S. Supreme Court has specifically held that federal courts can only review the decisions of the SSA in accordance with 42 U.S.C. § 405(g)) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)). Indeed, this Court cannot ignore the exhaustion requirement even if it appears that the failure to exhaust was not intentional as it appears it was not in this case. *See id.* Based upon these laws, this Court is simply without the authority to remand Plaintiff's case to the ALJ for further

administrative review.

### 3. Conclusion

Based on the foregoing, the undersigned finds that this Court does not have subject matter jurisdiction over this case under 42 U.S.C. § 405(g). As such, this case must be dismissed without prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of February, 2011.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE